**SO ORDERED.**

**SIGNED this 14th day of November, 2011.**



Dale L. Somers
United States Bankruptcy Judge

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:
ROSS LAYNE THOMPSON,
SUSAN PAIGE THOMPSON,

CASE NO. 11-20138-13
CHAPTER 13

DEBTORS.

**OPINION DETERMINING DEBTORS ARE NOT ELIGIBLE TO BE CHAPTER 13 DEBTORS, AND SETTING A DEADLINE FOR THEM TO CONVERT THIS CASE TO ANOTHER CHAPTER**

This matter is before the Court on the Chapter 13 Trustee's motion to dismiss on the ground the Debtors' unsecured debts exceed the limit set by 11 U.S.C.A. § 109(e). Chapter 13 Trustee W.H. Griffin appears on his own behalf. The Debtors appear by counsel Thomas M. Mullinix. At a hearing on June 29, 2011, the Court gave the parties time to file briefs addressing the matter, which they have now done. The Court has reviewed the briefs and other relevant materials and is now ready to rule.

**Facts**

The Debtors filed their bankruptcy petition on January 21, 2011. The Debtor-husband is a dentist. He earns most of the couple's income from his business, but the Debtor-wife reported having some income as well.

On their Schedule D — Creditors Holding Secured Claims, the Debtors listed two home mortgages, both to Bank of America Home Loans, and a business loan from National Bank of K.C., specifying that all three were joint debts. They reported the $330,900 first mortgage was undersecured by $9,900 and the second mortgage of $84,172 was totally unsecured. They reported the business loan of $277,172 was secured by the Debtor-husband's dental equipment but was undersecured by $173,071.

On Schedule E — Creditors Holding Unsecured Priority Claims, the Debtors reported joint debts totaling $153,659.34 owed to the IRS and the Kansas Department of Revenue. On Schedule F — Creditors Holding Unsecured Nonpriority Claims, they reported debts of $152,620.38. Of that total, $33,506.88 was owed by the husband alone and $28,965.83 was owed by the wife alone, and $90,147.67 was jointly owed.

**Discussion**

The Trustee claims the Debtors' unsecured debts exceed the limit imposed by § 109(e), which provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than [$360,475] and noncontingent, liquidated, secured debts of less than [$1,081,400], or an individual with regular income and such individual's spouse . . . that owe, on the date of the filing of the petition, noncontingent,

2

> liquidated, unsecured debts of less than [$360,475] and noncontingent, liquidated, secured debts of less than [$1,081,400] may be a debtor under chapter 13 of this title.[1]

The Debtor-husband's unsecured debts as reported on Schedules E and F (the joint priority unsecured debts plus the joint nonpriority unsecured debts plus his personal nonpriority unsecured debts) add up to $277,313.89, and the Debtor-wife's add up to $272,772.84. These totals do not exceed the § 109(e) limit on unsecured debts. However, the Trustee argues the Debtors' secured debts must be counted as unsecured debts to the extent the amount owed on each debt exceeds the value of the collateral securing it. The Court notes that less than $90,000 in additional unsecured debts would take each of the Debtors over the limit.

The Sixth, Seventh, and Ninth Circuits have said the § 109(e) eligibility question is similar to the amount in controversy question in federal diversity jurisdiction cases, and should similarly be decided based on the debtor's assertions in the schedules unless the assertions were not made in good faith.[2] The Trustee does not expressly challenge the Debtors' good faith in completing their schedules, but implies it when he argues their own figures show they are not eligible to be Chapter 13 debtors, which is certainly true if the undersecured portions of all their secured debts must be added to their other

---

[1] Pursuant to § 104, the dollar amounts in § 109(e) are to be adjusted every three years by the Judicial Conference of the United States. The current amounts took effect on April 1, 2010. *See* 75 Fed. Reg. 8747, 8748 (Feb. 25, 2010), *available at* 2010 WL 637457.

[2] *In re Scovis*, 249 F.3d 975 (9th Cir. 2001); *In re Lybrook*, 951 F.2d 136, 138-39 (7th Cir. 1991); *In re Pearson*, 773 F.2d 751, 756-57 (6th Cir. 1985); *see also* 2 *Collier on Bankruptcy* ¶109.06[3] (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2011).

unsecured debts before applying the § 109(e) debt limits.

The Debtors respond that the undersecured portions of the mortgages on their homestead should not be counted as unsecured debts because those debts are secured only by security interests in their principal residence, and therefore, § 1322(b)(2) precludes the Debtors from modifying them. Their brief does not mention the undersecured portion of the business debt that is secured by the Debtor-husband's dental equipment. But even if the undersecured portions of the mortgage debts should not be counted as unsecured debts for purposes of § 109(e), the undersecured portion of the joint business debt — $173,071 — is enough, if added to the unsecured debt totals shown for each of them on Schedules E and F, to make each of the Debtors ineligible to be a Chapter 13 debtor. The Debtor-husband's unsecured debt total would be $450,384.89, and the Debtor-wife's would be $445,843.84.

All the circuit courts and the majority of the lower courts (including two of the four bankruptcy judges in this District) that have considered the question have concluded that the portion of a debtor's secured debt that exceeds the value of the property securing it must be added to the total of the debtor's fully unsecured debts before applying the unsecured debt eligibility limit set under § 109(e).[3] To support this conclusion, these courts have typically relied on § 506(a), which, in general terms, provides that an allowed

---

[3]*Scovis*, 249 F.3d at 983 (9th Cir.); *In re Balbus*, 933 F.2d 246, 247 (4th Cir. 1991); *Miller v. United States*, 907 F.2d 80, 81-82 (8th Cir. 1990); *In re Day*, 747 F.2d 405, 406-07 (7th Cir. 1984); *In re Werts*, 410 B.R. 677, 684-85 (Bankr. D. Kan. 2009) (Karlin, J.); *In re Axford*, Case No. 09-20915-13, Order Granting Trustee's Motion to Dismiss (Bankr. D. Kan. Nov. 17, 2009) (Berger, J.)

claim secured by a lien on property of the estate is a secured claim to the extent of the value of the property and an unsecured claim to the extent the claim exceeds the value of the property.

In *In re Morton*, the court refused to apply § 506(a) to eligibility questions under § 109(e) because § 506(a) speaks of "allowed claims" while § 109(e) speaks of "debts" without mentioning whether they are "allowed" or not, and expressed concern that the eligibility determination would be unduly delayed if the court must wait for claims to be filed, allowed, and bifurcated under § 506(a) before deciding the question.[4] The view that "secured debts" in § 109(e) should be construed to include the full amount of each debt without regard to the value of the property securing the debt draws some support from the Supreme Court's decision in *Dewsnup v. Timm*, which refused to read § 506(d) to void any lien securing an allowed claim to the extent the claim did not also qualify as a "secured claim" under § 506(a), but instead read the phrase "allowed secured claim" in § 506(d) to refer to any claim that was first, allowed, and second, secured, no matter what the value of the property securing it might be.[5] The Court indicated it was not convinced that Congress intended to depart from the rule in effect before adoption of the 1978 Bankruptcy Code that liens generally pass through bankruptcy unaffected, and to replace it with a rule freezing a secured creditor's lien at a judicially-determined value of the creditor's collateral, and taking from the creditor any subsequent increase in value that

---

[4]*In re Morton*, 43 B.R. 215, 218-20 (Bankr. E.D.N.Y. 1984).

[5]502 U.S. 410, 416-20 (1992).

5

might occur by the time of a foreclosure.[6] The Court said, "Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims have been allowed and who had nothing to do with the mortgagor-mortgagee bargain."[7]

However, the courts adopting the majority view have expressed concern that counting undersecured debts as fully secured debts under § 109(e) would allow debtors who would not otherwise qualify for Chapter 13 to manipulate their debts to create Chapter 13 eligibility by granting liens on property with little or no value, thus moving sufficient unsecured debts into the secured category.[8] In addition, these courts have asserted that counting an undersecured debt as fully secured for purposes of § 109(e) would ignore the obvious reality that the property securing the debt is not worth the full amount of the debt.[9] This Court would further note that splitting an undersecured debt into secured and unsecured portions for purposes of § 109(e) would not permanently limit the creditor's lien to the judicially-determined value of the collateral, as the voiding language of § 506(d) at issue in *Dewsnup* would have done. Instead, the only effect of the bifurcation would be to render some debtors ineligible for Chapter 13 relief. Finally,

---

[6]*Id*. at 417.

[7]*Id*.

[8]*See Werts*, 410 B.R. at 684-85 (discussing several cases raising this concern).

[9]*Id*.

6

the potential delay in resolving eligibility questions that concerned the *Morton* court will usually be avoided by following the rule that the debtor's schedules control the determination unless the party questioning eligibility shows they were not completed in good faith.

The Debtors' argument that the claims secured by liens on their principal residence should be treated as fully secured for purposes of § 109(e) without regard to the value of their residence because § 1322(b)(2) precludes them from modifying such secured claims cannot help them. As indicated, even if the undersecured portions of those claims are counted as secured debts, the Debtors would still not be eligible to be Chapter 13 debtors because adding the undersecured portion of the partially-secured business debt to their other unsecured debts causes them to exceed the § 109(e) limit on unsecured debts. Consequently, the Court need not decide in this case whether secured claims covered by the anti-modification provision in § 1322(b)(2) must be counted as fully secured debts for purposes of § 109(e).

**Conclusion**

For these reasons, the Court concludes the Debtors are not eligible to be Chapter 13 debtors. The Debtors have indicated a desire to convert their case to another chapter in the event of such a ruling. Consequently, they are hereby given 28 days to take action to convert the case. Should they fail to do so, the Trustee's motion to dismiss will be granted.

# # #

7